**FILED**
**JUN 1 9 2012**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ricardo C. Thompson,            )
                                )
            Petitioner,          )
                                )
      v.                         )   Civil Action No.  **12 0987**
                                )
J.T. Shartle, Warden,            )
                                )
            Respondent.          )

MEMORANDUM OPINION

Petitioner, a District of Columbia prisoner incarcerated at the Federal Correctional Institution in Fairton, New Jersey, has submitted a Petition for Writ of Habeas Corpus and application to proceed *in forma pauperis*. For the following reasons, the Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner invokes both 28 U.S.C. § 2241 and 28 U.S.C. § 2254, but the petition is premised solely on the alleged ineffectiveness of petitioner's trial counsel during criminal proceedings in the Superior Court of the District of Columbia. *See* Pet. ¶¶ 7, 10. Petitioner's recourse lies, if at all, in the Superior Court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998) (describing § 23-110 as "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence"); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (Since passage of the Court Reform Act [in 1970], [] a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110."); *see also Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006) ("Section 23-110 provided the petitioner with a vehicle for challenging his conviction based on the alleged

ineffectiveness of his trial counsel."); *Garmon v. U.S.*, 684 A.2d 327, 329 n.3 (D.C. 1996) ("A motion to vacate sentence under section 23-110 is the standard means of raising a claim of ineffective assistance of trial counsel.) (citation omitted).

Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g). Absent a showing of an inadequate or ineffective local remedy, then, "a District of Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted). Because petitioner has not shown that his local remedy is inadequate to address his ineffective assistance claim, the Court will dismiss this action for lack of jurisdiction. A separate Order accompanies this Memorandum Opinion.

/s/ E/c S Huck
United States District Judge

DATE: June 12, 2012